UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF FLORIDA

Miami Division

Case Number: 16-62935-CIV-MORENO

LUIS PORTALES, MARGARITA HEINE, and
FANNY QUINTERO,

        Plaintiff,

vs.

SCHOOL BOARD OF BROWARD
COUNTY,

        Defendant.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THE MATTER was referred to the Honorable William C. Turnoff, United States Magistrate Judge, for a Report and Recommendation on Defendant's Motion for Summary Judgment, filed on **May 3, 2017**. The Magistrate Judge filed a Report and Recommendation **(D.E. 55)** on **August 10, 2017**. The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present, and being otherwise fully advised in the premises, it is

**ADJUDGED** that United States Magistrate Judge William C. Turnoff's Report and Recommendation is **AFFIRMED** and **ADOPTED**. Accordingly, it is

**ADJUDGED** that Defendant's Motion for Summary Judgment is GRANTED.

## ANALYSIS

### I. BACKGROUND

Plaintiffs Luis Portales, Margarita Heine, and Fanny Quintero are former employees of Defendant, School Board of Broward County. The Complaint alleges two counts under Title VII of the Civil Rights Act of 1964 and one count under the Americans with Disabilities Act. Count One is a disparate impact claim by all Plaintiffs alleging that the English-only instruction and testing disparately and disproportionately adversely impacted Plaintiffs. Count Two is a disparate treatment claim by all Plaintiffs alleging that the School Board's employee, Terrence Johnson, made racist and discriminatory remarks against Plaintiffs because of their Hispanic heritage. Count Three is a claim by Quintero for failure to accommodate her alleged learning disabilities.

### II. DISCUSSION

#### a. Disparate Treatment

In Count Two, Plaintiffs allege that the School Board's employee, Terrence Johnson, made racist and discriminatory remarks against Plaintiffs because of their Hispanic heritage. In a disparate treatment claim, an employee must demonstrate that the employer intentionally discriminated against her on the basis of a protected characteristic. *Equal Employment Opportunity Commission v. Catastrophe Mgmt. Sols.*, 852 F.3d 1018, 1024 (11th Cir. 2016). To prevail on a disparate treatment claim, the initial burden falls upon the plaintiff to present direct or circumstantial evidence of discrimination. *Young v. United Parcel Serv., Inc.*, 135 S. Ct. 1338, 1341 (2015). Direct evidence, if believed, proves the existence of a fact without inference or presumption. *Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1189 (11th Cir. 1987) (citing *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1528 n. 6 (11th Cir. 1987)). In contrast, establishing a *prima*

*facie* case of discrimination with circumstantial evidence requires a showing that the plaintiff: (1) is a member of a protected class; (2) suffered an adverse employment action; (3) was qualified for the position; and (4) was treated less favorably than similarly-situated individuals outside the protected class. *Maynard v. Bd. of Regents of Div. of Universities of Florida Dep't of Educ. ex rel. Univ. of S. Florida*, 342 F.3d 1281, 1289 (11th Cir. 2003) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). By demonstrating a *prima facie* case, a Plaintiff creates an inference that the employer acted with discriminatory intent. *Sheppard v. Sears, Roebuck & Co.*, 391 F. Supp. 2d 1168, 1177 (S.D. Fla. 2005).

If a plaintiff establishes a *prima facie* case then the burden shifts to the employer to rebut the inference of discrimination by proffering a legitimate, non-discriminatory reason for its action or policy. *McDonnell Douglas Corp.*, 411 U.S. at 802. If the employer succeeds, then the plaintiff must demonstrate by a preponderance of the evidence, that the reason asserted by the employer is a mere pretext. *Rojas v. Florida*, 285 F.3d 1339, 1342 (11th Cir. 2002).

### i. Direct Evidence of Discrimination

Plaintiffs argue that Johnson's remarks about Hispanics amount to direct evidence of discrimination. Specifically, the depositions of Portales and Quintero allege statements made by Johnson that include, in relevant part, "he said that he could not speak with me, because I didn't speak English," "how [is] it possible that [you are] working at the School Board if [you do] not speak English," and "if you don't know English, what are you doing here? Go home."

The School Board counters that these statements are not direct evidence of discrimination. The Court agrees. No reasonable juror could find direct evidence of discrimination from Johnson's statements. As Magistrate Judge Turnoff noted, the statements

3

demonstrate that Johnson questioned how Plaintiffs were employed by the School Board. Even if Johnson was expressing a preference for English speakers, it would not rise to the level of direct evidence of discrimination. *See Walker v. St. Joseph's/Candler Health Sys., Inc.*, 506 F. App'x 886, 888 n. 1 (11th Cir. 2013) (finding that the plaintiff should go back to the night shift "to have peace and be with her own kind" is not evidence of direct discrimination); *Morrison v. City of Bainbridge, GA*, 432 F. App'x 877, 879 (11th Cir. 2011) (finding that supervisor's remarks that he was "going to get these old folks out of here and bring in some new blood" was only circumstantial evidence of discrimination). In addition, Johnson had no decision-making authority over Plaintiffs' employment. It is undisputed that only the School Board superintendent has the power to recommend employment decisions such as termination or suspension to the School Board. Accordingly, no reasonable juror could find direct evidence of discrimination from Johnson's statements.

### ii. *Prima facie* **case of discrimination**

To establish a *prima facie* case of discrimination, Plaintiffs must first prove that they are a protected class under Title VII. Title VII prohibits discrimination on the basis of an "individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Title VII protects an individual's "immutable" characteristics – characteristics that are beyond the victim's power to alter or impose a burden on an employee on one of the prohibited bases. *E.E.O.C.*, 852 F.3d at 1029. The Eleventh Circuit has not directly addressed whether the inability to speak a certain language, without more, is protected. However, as addressed by Magistrate Judge Turnoff, the pre-split Fifth Circuit decision in *Garcia v. Gloor* is instructive. 618 F.2d 264 (5th Cir. 1980). In *Garcia*, a bilingual employee challenged an employer's policy that prohibited

employees from speaking Spanish on the job unless they were communicating with Spanish-speaking customers. *Id.* at 266. The court, in a narrow holding, found that:

> [A]n employer's rule forbidding a bilingual employee to speak anything but English in public areas while on the job is not discrimination based on national origin as applied to a person who is fully capable of speaking English and chooses not to do so in deliberate disregard of his employer's rule. *Id.* at 272.

In dicta, the court stated that "a person who speaks **only one tongue** or . . . has difficulty using another language than the one spoken in his home, language **might well be** an immutable characteristic like skin color, sex or place of birth." *Id.* at 270 (emphasis added). However, the court's language was merely dicta because its language was not essential to its holding. "The holding of an appellate court constitutes the precedent, as a point necessarily decided. Dicta do not: they are merely remarks made in the course of a decision but not essential to the reasoning behind that decision." *CSX Transportation, Inc. v. Gen. Mills, Inc.*, 846 F.3d 1333, 1338 (11th Cir. 2017).

Other courts have held that language-based classifications do not discriminate based on national origin and do not identify members of a suspect classification. *See Olagues v. Russoniello*, 770 F.2d 791 (9th Cir. 1985) (holding that a language-based classification is not the equivalent of national origin classification and does not denote a suspect class); *Soberal-Perez v. Heckler*, 717 F.2d 36, 41 (2d Cir. 1983) (same); *Milazzo v. Title Cash of Huntsville*, No. 2:11-CV-1858-AKK, 2012 WL 5263584, at *4 (N.D. Ala. Oct. 23, 2012) (granting summary judgment for the defendant finding that the inability to speak Spanish was not protected under

title VII); *Santiago-Lebron v. Florida Parole Comm'n*, 767 F. Supp. 2d 1340, 1349 (S.D. Fla. 2011) (holding that language is not an immutable characteristic).

Accordingly, the Court finds that language is not an immutable characteristic and Plaintiffs are not in a protected classification. Thus, they cannot establish the first requirement for a *prima facie* case of discrimination and their claim for disparate treatment in violation of Title VII must fail. Accordingly, the School Board is entitled to summary judgment on the disparate treatment claim.

### b. Disparate Impact

Alternatively, Plaintiffs advance a disparate impact claim by arguing that the English-only instruction and testing disparately and disproportionately adversely impacted Plaintiffs. The "disparate impact theory prohibits neutral employment practices which, while non-discriminatory on their face, visit an adverse, disproportionate impact on a statutorily-protected group." *Equal Employment Opportunity Commission v. Joe's Stone Crab, Inc.*, 220 F.3d 1263, 1274 (11th Cir. 2000) (citing *Griggs v. Duke Power Co.*, 401 U.S. 424, 431 (1971)) (emphasis omitted). To prove a *prima facie* case of disparate impact discrimination, Plaintiffs must: (1) identify the specific employment practice that allegedly has a disproportionate impact and (2) demonstrate causation by offering statistical evidence sufficient to show that the challenged practice has resulted in prohibited discrimination. *Pouyeh v. Bascom Palmer Eye Inst.*, 613 F. App'x 802, 810 (11th Cir. 2015). Once Plaintiffs establish a *prima facie* case, the burden shifts to the School Board to establish that the challenged practice serves a legitimate, non-discriminatory business objective. *Joe's Stone Crab*, 220 F.2d at 1275. If the School Board satisfies their burden, then Plaintiffs may still prevail by proving that an alternative, non-discriminatory practice would have served the School Board's stated objective equally as well. *Id.*

Plaintiffs' principal argument is that the jury should determine whether the School Board has proffered a "legitimate, non-discriminatory business objective for the English-only instruction and testing. However, before the Court can consider the School Board's reason, Plaintiffs must first prove a *prima facie* case. Plaintiffs satisfy the first element of a *prima facie* case by identifying the "specific employment practice" as requiring employees to pass an exam only provided in English without the assistance of outside resources. However, that is not the end of the inquiry. The second element to prove a *prima facie* case requires that Plaintiffs demonstrate, through statistical evidence that the challenged practice has resulted in prohibited discrimination.

In support of their position, Plaintiffs offer a chart that purports to illuminate the statistical disparity between the percentage of Hispanic and non-Hispanic exam takers who fail the exam. The Court agrees with Magistrate Judge Turnoff that the chart is "unhelpful and confusing." In one column titled, "PERCENTAGE of Non-Hispanic vs. Hispanics who Fail," Plaintiffs write "17% FAIL." In another column titled "PERCENTAGE of Non-Hispanics who Pass," Plaintiffs write "70% PASS." The first column's title is misleading because it is unclear what Plaintiffs mean by "PERCENTAGE of Non-Hispanic vs. Hispanics who Fail." However, even assuming *arguendo* that Plaintiffs meant, "percentage of non-Hispanics who fail," the figures do not add up. There are only two categories at issue here: Hispanics and non-Hispanics. According to Plaintiffs, the percentage of non-Hispanics who fail is 17% and the percentage of non-Hispanics who pass is 70% for a total of 87%. Assuming that non-Hispanics who take the exam have two options: pass or fail, the Court questions whether the remaining 13% of non-Hispanics pass or fail.

Further, the School Board argues that there is no statistical disparity in the number of Hispanic persons employed in the same capacity as Plaintiffs because in May 2017 about 28% of the Facilities Servicepersons employed by the School Board were Hispanic/Latino. In comparison, the Hispanic/Latino population in Broward County was 27% in 2015. Accordingly, because Plaintiffs did not meet their burden of showing the existence of a statistical disparity, Plaintiffs cannot prove a *prima facie* case of disparate impact under Title VII and the School Board is entitled to summary judgment.

### c. **Failure to Accommodate as to Plaintiff Quintero**

Finally, Quintero claims that the School Board failed to accommodate her alleged learning disability in violation of the Americans with Disabilities Act by not providing her extra time to complete the exam. The burden of proof for a claim under the Americans with Disabilities Act is based on the same framework set forth in *McDonnell Douglas Corp.* To establish a *prima facie* case of discrimination under the Americans with Disabilities Act, Quintero must demonstrate that she (1) has a disability; (2) is a "qualified individual" pursuant to 42 U.S.C. § 12112(a); and (3) was discriminated against because of her disability. *Hetherington v. Wal-Mart, Inc.*, 511 F. App'x 909, 912 (11th Cir. 2013).

To be disabled, Quintero must show that she was substantially limited in a major life activity as a result of a physical or mental impairment. 42 U.S.C. § 12102(2). However, Quintero's mere assertions that she is a "slow learner" and has "problems reading and writing in Spanish and English" are insufficient to meet the statutory definition of a "disability." *See Holton v. First Coast Serv. Options, Inc.*, No. 16-15289, 2017 WL 3446880, at *3 (11th Cir. Aug. 11, 2017) (holding that a back impairment that when active substantially limited one or more of the plaintiff's major life activities was conclusory and did not render the plaintiff

8

disabled); *Hetherington*, 511 F. App'x at 912 (finding that being "somewhat limited in thinking, reading, and learning" did not render the plaintiff disabled). Moreover, Quintero acknowledges in her deposition that she has never seen a medical professional for a diagnosis of her alleged disability. Accordingly, Quintero is not a qualified individual with a disability and the School Board is entitled to summary judgment on the failure to accommodate claim.

DONE AND ORDERED in Chambers at Miami, Florida, this 2nd of October 2017.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Magistrate Judge William C. Turnoff

Counsel of Record